IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Venita Y. Billingslea, | ) | Civil Action No. 6:10-01467-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner, | ) | **OPINION AND ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Plaintiff Venita Y. Billingslea ("Plaintiff") filed this action against Defendant Michael J. Astrue, as Commissioner of the Social Security Administration ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §§ 1101-7703. (ECF No. 1.) This matter is before the court pursuant to motions for summary judgment by both Plaintiff and Defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF Nos. 42 & 46.) Plaintiff and Defendant expressly oppose each other's motion for summary judgment. (See ECF Nos. 47 & 51.)

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On February 27, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended granting summary judgment to Defendant on all Plaintiff's claims and further recommended denying Plaintiff's motion for summary judgment. (ECF No. 54.) Plaintiff filed objections to the Report and Recommendation on March 15, 2012. (ECF No. 55.) For the

reasons set forth below, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendant's motion for summary judgment as to all Plaintiff's claims and denies Plaintiff's motion for summary judgment.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to this analysis of Plaintiff's claims.

Plaintiff is a 52 year old female. (ECF No. 42-1, p. 3.) Plaintiff has been an employee of Defendant since June 11, 1979, when she went to work part-time as a development clerk while she was still in college. (ECF No. 42-1, p. 3; ECF No. 42-7, p. 3.) In August 1981, Defendant hired Plaintiff to a full-time position as a claims representative. (ECF No. 42-7, p. 4.) In 1991, Plaintiff was promoted to operations supervisor. (Id. at. p. 5.) In 2003, Plaintiff transferred to the position of area work incentives coordinator, which position she remains employed in today. (Id. at p. 11.)

On April 13, 2009, Defendant posted a job vacancy notice for the position of lead social insurance specialist (the "project manager position"). (ECF No. 46-3.) Plaintiff applied for the project manager position. (ECF No. 46-1, p. 2.) Rodney Taylor ("Taylor"), Defendant's deputy regional commissioner, was the decision-maker for determining who would be awarded the project manager position. (ECF 42-1, p. 11 ¶ 22.) Plaintiff's name was placed on a list of individuals determined to be "Well Qualified" for the project manager position. (ECF No. 51-1, p. 8.) Gregory Branch ("Branch"), a 29 year old male, was also on the "Well Qualified List" and was ultimately selected by Taylor to fill the project manager position, effective May 24, 2009.

(ECF No. 51-1, pp. 14-15.)

On May 28, 2009, after being denied the promotion to the project manager position, Plaintiff filed a complaint of discrimination based on age and gender with Defendant's officer in charge of maintaining compliance with the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1, ¶ 10.) On September 23, 2009, Plaintiff notified the EEOC in accordance with 29 U.S.C. § 633A of her intent to file a civil action against Defendant under the ADEA and on March 25-26, 2010, a limited inquiry was conducted in accordance with the EEOC's Management Directive, EEOC-MD-110. (ECF No. 1-1, p. 2; ECF No. 42-1, p. 3.) Thereafter, Plaintiff was issued a "Notice of Right to Suit" letter. (ECF No. 1, ¶ 10.)

On June 7, 2010, Plaintiff filed this lawsuit alleging sex discrimination in violation of Title VII, age discrimination in violation of the ADEA, and marital status discrimination in violation of the CSRA. (See ECF No. 1.) On August 9, 2010, Defendant answered the complaint denying all allegations alleged in the complaint. (ECF No. 5.) Plaintiff filed an amended complaint on August 30, 2010, to which Defendant filed an amended answer on September 2, 2010.

On August 22, 2011, after the completion of discovery, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 42.) Plaintiff filed her own motion for summary judgment on September 2, 2011. (ECF No. 46.) Plaintiff filed opposition to Defendant's motion for summary judgment on September 6, 2011, to which Defendant filed a reply in support of summary judgment on September 16, 2011. (ECF Nos. 47 & 50.) Additionally, Defendant filed a response in opposition to Plaintiff's motion for summary judgment on September 19, 2011. (ECF No. 51.)

## II. LEGAL STANDARD AND ANALYSIS

**A.   Standard**

   1.   Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

   2.   Summary Judgment

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121,

123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

3. Establishing Claims of Discrimination under Title VII and/or the ADEA

A plaintiff can establish her claims of discrimination in one of two ways, either by directly showing that discrimination motivated the employment decision, or, as is more common, by relying on the indirect, burden-shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).[1] Pursuant to this burden-shifting framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010). If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts

---

[1] The McDonnell Douglas burden-shifting framework applies to claims under both Title VII and ADEA. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004); see also Bodkin v. Town of Strasburg, 2010 WL 2640461, at *4–5 (4th Cir. June 29, 2010).

5

back to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was "not its true reason[ ], but [was] a pretext." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Though intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuasion that the defendant engaged in intentional discrimination remains at all times with the plaintiff. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000)

**B.    Sex Discrimination under Title VII and Age Discrimination under the ADEA**

Title VII makes it unlawful for an employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e–2(a)(1). The ADEA addresses age related employment issues by making it "unlawful for an employer - (1) to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). To prove a prima facie case of discrimination for failure to promote under Title VII or the ADEA, a plaintiff must prove that (1) she is a member of a protected group; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.[2] Anderson v. Westinghouse Savannah River Company, 406 F.3d 248, 268 (4th Cir. 2005).

Upon her review, the Magistrate Judge reluctantly accepted Defendant's concession that Plaintiff established a prima facie case of sex and age discrimination. (ECF No. 54, p. 11 n. 4.)

---

[2]   The prima facie case standard in a failure to promote context under Title VII is the same under the ADEA. See Martin v. Alumax of SC, Inc., 380 F. Supp. 2d 723, 732 (D.S.C. 2005) (citing Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998)).

The Magistrate Judge then concluded that Defendant met its burden under McDonnell Douglas to produce evidence from which a jury could conclude that Defendant had a legitimate, nondiscriminatory reason for not selecting Plaintiff. (Id. at p. 12.) After reviewing the record in its entirety, the Magistrate Judge found that Plaintiff could not demonstrate a genuine issue of material fact as to whether Defendant's proffered reason for failing to select Plaintiff was merely a pretext for discrimination. (Id. at p. 13.) In this regard, the Magistrate Judge specifically identified Plaintiff's failure to even argue Taylor did not believe Branch was more qualified when he selected Branch, much less produce evidence that Taylor did not believe Branch was more qualified. (Id. at p. 15.) Therefore, the Magistrate Judge recommended granting Defendant summary judgment on Plaintiff's sex and age discrimination claims. (Id.)

Plaintiff objects to the Magistrate Judge's recommendation asserting that the Magistrate Judge erroneously narrowed the legal standard regarding the nature and quality of evidence required for a Plaintiff to survive summary judgment regarding pretext under McDonald Douglas Corp. v. Green. (ECF No. 55, p. 3.) Plaintiff contends that she presented sufficient direct and circumstantial evidence, for a reasonable jury to conclude that age was a motivating factor for Defendant's decision not to promote her. (Id. at pp. 4-6.) Plaintiff further argues that she has shown pretext with the following evidence: (1) Defendant introduced contradicting, shifting and changing reasons for Plaintiff's non-selection, which were not corroborated in any of her performance reviews; (2) Defendant's reasons were discounted by numerous awards and agency recognition awards received by Plaintiff; (3) All of the candidates listed on the highly qualified list were over the age of 40 with the exception of Branch, who was selected for the project manager position; and (4) Testimony from Ruby Miller, a 35 year old employee, that Defendant often selected and/or promoted individuals under the age of 40. (Id. at pp. 5, 7.) As a

7

result of this evidence, Plaintiff argues that the Magistrate Judge's recommendation should be rejected because Plaintiff has shown that there is sufficient evidence for a rational fact finder to find that Defendant was motivated by discriminatory reasons. (Id. at p. 7 (citing Price v. Dept. of Health and Human Servs., 380 F.3d 209, 215 (4th Cir. 2004)).)

To survive Defendant's motion for summary judgment, Plaintiff has to come forward with sufficient evidence to demonstrate that the legitimate reason offered by Defendant was not its true reason, but was a pretext for discrimination. "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." Anderson v. Ziehm Imaging, Inc., C/A No. 7:09-02574-JMC, 2011 WL 1374794, at *5 (D.S.C. Apr. 12, 2011) (citing Stewart v. Henderson, 207 F.3d 374, 376 (7th Cir. 2000)). "The ultimate question is whether the employer intentionally discriminated and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that [plaintiff's] proffered reason . . is correct . . . It is not enough to disbelieve the [employer]." Love-Lane v. Martin, 355 F.3d 766, 788 (4th Cir. 2004) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-47 (2000)) (internal citations omitted). Rather, Plaintiff must demonstrate that a reasonable jury could "believe [her] explanation of intentional . . . discrimination." Id.

Upon the court's review, there is insufficient evidence to support a finding that Taylor's decision to select Branch over Plaintiff for the project manager position was motivated by the sex or age of the two individuals. Specifically, the court cannot discern the dishonesty required to establish pretext in the testimony of Defendant's decision-maker, Rodney Taylor. Taylor testified that he selected Branch over Plaintiff for the project manager position because he believed Branch was more qualified than Plaintiff based "on the input and recommendations

8

from the people who knew the candidates best." (ECF No. 42-11, p. 37.) Taylor testified that Plaintiff was "highly recommended" by her supervisor, Anthony Sims, but Sims "recommended Gregory Branch higher than [Plaintiff] Venita." (Id. at p. 38.) Taylor further testified that no one thought Plaintiff was a "higher or a better candidate than Greg Branch" and "all of the individuals that had that personal knowledge clearly recommended Gregory over [Plaintiff] Venita." (Id. at pp. 37-38.) Taylor testified that Plaintiff was "seriously considered" for the project manager position, but he had to rely on the input of others because he had not "work[ed] day to day very closely with either one." (Id. at p. 38.) Finally, Taylor testified that "when it comes down to selecting an individual for a particular job, you have to look at the skill sets that are needed . . . [a]nd those individuals who had firsthand knowledge all gave their reasons why they thought Mr. Branch would do a better job." (Id. at p. 39.)

In assessing the falsity of Taylor's testimony, the court finds Plaintiff's evidence as highlighted in her objections to the Magistrate Judge's Report and Recommendation does not rise to the level necessary to establish that her sex and/or age actually played a role in Taylor's decision-making process and had a determinative influence on the outcome. At the pretext stage, the court's sole concern is whether "the reason for which the defendant [failing to promote] the plaintiff was discriminatory." Hawkins v. Pepsi Co., 203 F.3d 274, 279-80 (4th Cir. 2000). Based on the foregoing, the court agrees with the Magistrate Judge that Plaintiff has not produced sufficient evidence to meet her burden of proving that Defendant's asserted reasons for failing to promote her were a pretext for sex and/or age discrimination. Therefore, Plaintiff's objection to the Report and Recommendation is without merit. Accordingly, Plaintiff's Title VII and ADEA claims fail as a matter of law and summary judgment should be granted to Defendant on Plaintiff's causes of action for sex and age discrimination.

### C. Marital Status Discrimination in Violation of the CSRA

The CSRA makes it unlawful for an "employee who has authority to take, direct others to take, recommend, or approve any personnel action, . . . [to] (1) discriminate for or against any employee or applicant for employment— . . . on the basis of marital status or political affiliation, as prohibited under any law, rule, or regulation; . . . ." 5 U.S.C. § 2302(b)(1)(E). The CSRA vests the Office of Special Counsel with the responsibility to receive and investigate allegations of prohibited personnel practices, including promotion decisions motivated by marital status discrimination. See 5 U.S.C. §§ 2302(a)(1), 2302(2)(A)(ii), 2302(b)(1)(E), & 1212(a).

The Magistrate Judge found that Plaintiff had abandoned this claim because she did not address it in her response in opposition to Defendant's motion for summary judgment. (ECF No. 54, p. 16 (citing Jones v. Family Health Ctr., Inc., 323 F. Supp. 2d 681, 690 (D.S.C. 2003) (noting claim not addressed in opposition memorandum had been abandoned)).) The Magistrate Judge further found that the CSRA claim should be dismissed because the court lacked subject matter jurisdiction to decide it. (ECF No. 54, p. 16.)

Plaintiff did not file an objection to the Magistrate Judge's determination that the CSRA claim was abandoned by Plaintiff and should be dismissed for lack of subject matter jurisdiction. Therefore, in accordance with the reasons stated by the Magistrate Judge, the court finds that Defendants are entitled to summary judgment on Plaintiff's claim for marital status discrimination in violation of the CSRA. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983) (observing that in the absence of objections to the Magistrate Judge's Report and Recommendation, the court is not required to provide an explanation for adopting the recommendation).

## III. CONCLUSION

Upon consideration of the entire record, the court hereby **GRANTS** the motion for summary judgment of Defendant Michael J. Astrue, as Commissioner of the Social Security Administration. (ECF No. 42.) The court further **DENIES** the motion for summary judgment of Plaintiff Venita Y. Billingslea. (ECF No. 46.) The court accepts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.

**IT IS SO ORDERED**.

*J. Michelle Childs*

**J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE**

March 22, 2012
Greenville, South Carolina